**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

RAYMOND K. LEATHERS,     )
                               )
       Plaintiff,             )
                               )
         v.                )     C.A. No. N15C-11-224 ASB
                               )
AIR PRODUCTS AND       )
CHEMICALS INC., *et al.*,      )
                               )
       Defendants.       )

Decided:  February 26, 2018

On Plaintiff's Motion for Reargument.
**DENIED.**

**ORDER**

1. Plaintiff filed a Motion for Reargument based on this Court's Order. Plaintiff argues that the Court misapprehended Rhode Island law three different ways. First Plaintiff contends that the Court wrongly held that Defendant's product (Calidria) was a "raw unadulterated material" because the cases the Court cited are "poor indicators of the state of this area of law in Rhode Island." Second, Plaintiff contends that court misapplied the bulk supplier doctrine. Finally, Plaintiff argues that the Court misapprehended section 5 of the Restatement in "summarily determining that Union Carbide reasonably relied

on its intermediaries, Georgia-Pacific and National Gypsum, to warn end users of Calidria about the dangers of asbestos exposure."

2. Defendant contends that Plaintiff's argument- that the Court misapprehended the law-is flawed. Defendant argues that the Florida case cited by Plaintiff is inapposite because Florida follows the Restatement (Second) of Torts while Rhode Island follows the Restatement (Third) of Torts. Next, Defendant contends that contrary to Plaintiff's argument, the bulk supplier doctrine defined in Section 5, comment (c), of the Restatement (Third) of Torts provides that no warning is required to any party. Finally, Defendant argues that Plaintiff's third argument is incorrect as the Court never made any conclusion regarding Union Carbide's reasonable reliance on Georgia-Pacific and National Gypsum to warn end users of Calidria.

3. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reargument is not an

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

4. The Court is not persuaded by Plaintiff's first argument. Plaintiff cites to a Florida case to support their proposition that the Court's holding is incorrect. On a Motion for Reargument the Court will not rehash arguments previously presented. As the Court held that Caladria was akin to a raw unadulterated material, absent Rhode Island case law stating the contrary, the Court will not reanalyze the issue. This conclusion also goes towards Plaintiff's second argument. The Court decided in its original Order that because Calidria is a raw material pursuant to Section 5, comment (c), of the Restatement (Third) of Torts, a warning was not required.

5. Additionally, Plaintiff's third argument fails. The Court did not make a conclusion or a holding regarding Union Carbide's reasonable reliance on Georgia-Pacific and National Gypsum to warn users. Accordingly, Plaintiff

---

[3] *Id.*

[4] *Brenner*, 2000 WL 972649, at *1.

[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)(citing *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).

failed to satisfy the standard under Rule 59(e) for the Court to grant Plaintiff's Motion for Reargument. For the foregoing reasons, Plaintiffs' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**